**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:24-cv-20363

LINDSAY JANET GOLDMAN,

      Plaintiff,

v.

SHEIN DISTRIBUTION CORP.

      Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff LINDSAY JANET GOLDMAN, by and through her undersigned counsel, brings this Complaint against Defendant SHEIN DISTRIBUTION CORP. ("Defendant" or "Shein"), for damages and injunctive relief, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

2. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3. Defendant is subject to personal jurisdiction in Florida.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, and Defendant is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff LINDSAY JANET GOLDMAN ("Goldman") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Goldman's original copyrighted Work of authorship.

6. Goldman is an award-winning artist with over forty years of experience. Her art has sold worldwide and has been featured in publications, a Netflix series, on magazine covers and in galleries and art festivals throughout California and Florida. Goldman has commissioned and licensed her images to private individuals and businesses. With her innovative techniques and use of an array of radiant colors, she aims at bringing a fresh perspective to modern art. Her artwork can be found on her personal website linzilynn.com.

7. Defendant SHEIN DISTRIBUTION CORP. ("SDC") is a Delaware corporation that is doing business within the State of Florida.

8. Defendant does business in the U.S. as "Shein." Shein is known as the largest and fastest growing "fast fashion giant" retailers in the world.

9. At all times relevant herein, Defendant's parent company Roadget Business Pte. Ltd. owned and operated the internet website in the U.S. located at the URL www.us.shein.com (the "Website").

10. Shein was founded in 2008 and became successful for offering and distributing products at extremely low prices, and for rapidly producing products meeting the latest trends.

11. Shein was incorporated in 2021 in Delaware. Shein has quadrupled its revenue over the past three years reaching $15.7 billion dollars in sales and is seeking a $100 billion dollars in valuation of its company. That is, Defendant profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Shein reportedly adds over 1,000 new styles to its website every single day.

## THE COPYRIGHTED WORK AT ISSUE

12. In 2008, Goldman created the work known as "Windswept." This work is shown below and referred to herein as the "Work."



13. Goldman registered the Work as part of a collection of artworks titled, "Animals and People Uniquely Painted in Vibrant Multi-Colors Set Against a Gold Background Originals and digital prints." with the Register of Copyrights on May 8, 2008, and was assigned registration number VAu 989-617. The Certificate of Registration is attached hereto as **Exhibit 1**.

14. Goldman's Work is protected by copyright but is not otherwise confidential, proprietary, or a trade secret.

15. At all relevant times, Goldman was the owner of the Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

16. Defendant has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

18. Defendant copied the Work without Goldman's permission.

19. After Defendant copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its fast fashion business.

20. Defendant copied Goldman's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21. Defendant committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2.**

22. Goldman never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

23. Goldman notified Defendant of the allegations set forth herein on April 21, 2023 and again on May 9, 2023. To date, Defendant has failed to resolve the parties' dispute.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

24. Goldman incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth therein.

25. Goldman owns a valid copyright in the Work at issue in this case.

26. Defendant copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

27. Defendant performed the acts alleged in the course and scope of its business activities.

28. Defendant's acts were willful.

29. Goldman has been damaged.

30. The harm caused to Goldman has been irreparable.

WHEREFORE, the Plaintiff Lindsay Janet Goldman prays for judgment against the Defendant Shein Distribution Corporation that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff her actual damages and Shein's profits attributable to the infringement, or at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 30, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Layla T. Nguyen*
　　　　　　　　　　　　　　　　　　　LAYLA T. NGUYEN
　　　　　　　　　　　　　　　　　　　Florida Bar Number: 1024723
　　　　　　　　　　　　　　　　　　　Layla.nguyen@sriplaw.com
　　　　　　　　　　　　　　　　　　　JOEL B. ROTHMAN
　　　　　　　　　　　　　　　　　　　Florida Bar Number: 98220
　　　　　　　　　　　　　　　　　　　Joel@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
Tel: 561-404-4350

*Counsel for Plaintiff Lindsay Janet Goldman*